IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDA TAITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. ACT. NO. 1:19-cv-212-TFM-MU |
| | ) | |
| MONROE COUNTY PUBLIC LIBRARY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On November 7, 2019, the Magistrate Judge entered a Report and Recommendation which

recommends Plaintiff's complaint be dismissed – some claims with prejudice and other claims

without prejudice with leave to amend.  *See* Doc. 35.  Plaintiff and Defendant Monroe County

Commission both timely objected.  *See* Docs. 36, 38.  The parties then timely responded to the

respective objections.  *See* Docs. 40, 41, 42.  The Court has reviewed the report and

recommendations, objections, and responses and conducted a de novo review of the case file.  For

the reasons discussed below, the objections of both parties are **OVERRULED** and the Report and

Recommendation is **ADOPTED** as discussed below.

I.      PROCEDURAL BACKGROUND[1]

On April 22, 2019, Plaintiff filed her Amended Complaint in the Northern District of New

York against the Defendants.  *See* Doc. 4.  Though Plaintiff lived in Albany, New York, all

defendants and the actions complained of occurred in Monroe County, Alabama.  As such, the

case was transferred to this district.  *See* Docs. 5, 6.  In response to the Amended Complaint,

---

[1] The Court need not reiterate the factual background associated with the Plaintiff's Amended
Complaint as it is discussed in detail in the Report and Recommendation.  *See* Doc. 35 at 2-8.

Defendants filed their respective Motions to Dismiss. *See* Docs. 16, 21, 25. Plaintiff responded in opposition to the motions to dismiss. *See* Docs. 29, 30, 33. Defendants filed their respective replies. *See* Docs. 31, 32, 34.

On November 7, 2019, the Magistrate Judge issued his recommendation addressing each of the motions to dismiss and the Plaintiff's claims. *See* Doc. 35. First, the Magistrate Judge generally recommends that Plaintiff's amended complaint be stricken and dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a) and 10(b). *Id*. at 15. However, in further detail, the Magistrate Judge addresses each individual claim in turn. *Id*. at 16-27. He recommends the Defendants' motions to dismiss be granted in part and denied in part. In sum, with the exception of Plaintiff's Title VII claim against the entities and possible defamation claim, the Magistrate Judge recommends the remaining claims be dismissed with prejudice because they are barred by the applicable statute of limitations and cannot be sustained against the individual defendants. With regard to the Title VII against the entities and defamation claim against James Steven Stacey, the Magistrate Judge recommends dismissal without prejudice with leave to amend her complaint.

The Monroe County Commission objects to only the portion of the recommendation that provides for dismissal without prejudice and leave to amend on the Title VII claims. *See* Doc. 36. It argues that allowing Plaintiff to amend her complaint would be futile. None of the other defendants filed objections to the recommendation.

Plaintiff also filed her own objections to the recommendation. *See* Doc. 38. She objects to certain characterizations of the statement of facts by the Magistrate Judge – particularly in the footnotes and in the language forewarning the Plaintiff about the requirements of a second amended complaint. Plaintiff also disagrees that she cannot sustain her Title VII claims against

the individual defendants and cites to various First Circuit cases in support. *Id*. at 9-14. Finally, she asserts that the statute of limitations does not bar her claims. *Id*. at 14-16. She asserts that the four-year catch all limitations period should apply to her claims.

Defendant Stacey filed a response in opposition to Plaintiff's objections. *See* Doc. 41. Defendant Stacey first asserts Plaintiff ignores Eleventh Circuit precedent which holds that individual capacity suits are inappropriate under Title VII as the claim is against the employer, not the individual employees. *Id*. at 1-2. Further, even the First Circuit caselaw relied upon by the Plaintiff has been superseded by a 2009 case where the First Circuit even relies upon Eleventh Circuit rulings on Title VII individual capacity suits. Next Defendant asserts the Court should reject Plaintiff's contention about the four-year catch all statute of limitations applying to her claims because the recommendation cites ample authority that the two-year statute of limitations from Alabama personal injury controls. *Id*. at 3.

The remaining defendants also file a response in opposition to Plaintiff's objections. *See* Doc. 42. They simply adopt the reasoning provided by Defendant Stacy and generally urge the Court to adopt the report and recommendation. No specific objections are noted.

Plaintiff also filed a response to Defendant Monroe County Commission's objections. *See* Doc. 40. She reiterates the Magistrate Judge's recommendation that her Title VII claims against Monroe County Commission should be dismissed without prejudice with leave to amend.

## II. DISCUSSION AND ANALYSIS

Despite Plaintiff's claims to the contrary, it is clear that her claims brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 are barred by the status of limitations. As noted by the Magistrate Judge, 42 U.S.C. § 1986 explicitly states "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." Doc.

35 at 17 n. 10.  Next, claims brought under 42 U.S.C. §§ 1983 and 1985 look to the general state-law limitations statute for personal-injury actions.  *See Owens v. Okure*, 488 U.S. 235, 250-51, 109 S. Ct. 573, 581-82, 102 L. Ed. 2d 594 (1989) (applying to § 1983); *Trawinski v. United Techs.*, 313 F.3d 1295, 1298 (11th Cir. 2002) (applying to § 1985).  In Alabama, that statute of limitations is two years.  *See* Ala. Code § 6-2-38(l) (providing for a two-year statute of limitations for personal-injury actions).  Finally, in her own objections, Plaintiff acknowledges that her § 1981 claim is related to "the formation of an employment contract."  *See* Doc. 38 at 16.  However, this admission cements that her claim is barred by the two-year statute of limitations.  The Eleventh Circuit discussed the distinction in *Grimes v. Bd. of Regents of the Univ. Sys. of Ga.*, 650 F. App'x 647, 651 (11th Cir. 2016).

> Congress has since enacted 28 U.S.C. § 1658, which provides a four-year statute of limitations for civil actions arising under federal statutes enacted after December 1, 1990. 28 U.S.C. § 1658(a); *see also Jones*, 541 U.S at 371-72.  In 1991, Congress amended § 1981 to broaden the definition of the term "make and enforce contracts." *Jones*, 541 U.S. at 373 (quoting 42 U.S.C. § 1981(b)). Whereas prior to 1991 this phrase referred narrowly to "discrimination in the making and enforcement of contracts alone," *Patterson v. McLean Credit Union*, 491 U.S. 164, 176, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989) (internal quotation marks omitted and alterations adopted), after the 1991 amendment, the statute also covered post-formation conduct, such as the imposition of discriminatory working conditions. *See* 42 U.S.C. § 1981(b) (defining the phrase "make and enforce contracts" to include "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship"); *Jones*, 541 U.S. at 373. Thus, we apply a four-year statute of limitations to any § 1981 claim that is cognizable only because of the 1991 amendment and otherwise apply the analogous state statute of limitations. *Jones*, 541 U.S. at 382-83.

*Id*.  Plaintiff claims Defendants failed to hire her – i.e. the formation of a contract for a job – which falls squarely in the pre-amendment version of § 1981 and therefore subject to the two-year statute of limitations.

Therefore, Plaintiff's objection to the Report and Recommendation as to its findings on the statute of limitations is overruled.

Next, the Court turns to Plaintiff's objections on the Recommendations findings on individual liability for supervisors. *See* Doc. 33 at 9-12. Plaintiff cites a number of First Circuit cases in support of her objections. However, as noted by Defendant Stacey in his response to her objections, this Court follows Eleventh Circuit precedent. The Eleventh Circuit has long held that "[i]ndividual capacity suits under Title VII are [] inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (citations omitted); s*ee also Hinson v. Clinch Cty. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (quoting *Busby* and holding same). Therefore, Plaintiff's objection to the Title VII individual capacity claims is similarly overruled.

To the extent Plaintiff simply objects to word choice by the Magistrate Judge in the Report and Recommendation, ultimately the Court finds these objections have no merit and do not impact the substance of the rulings.

The Court now turns to Defendant Monroe County Commission's objections. *See* Doc. 36. Specifically, this Defendant objects to the Report and Recommendation to the extent it recommends dismissal without prejudice as to the Title VII claims against it with leave to amend.

"The law is clear that *pro se* pleadings are held to a less demanding standard than counseled pleadings and should be liberally construed." *Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013) (citations omitted). Nonetheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). However, Fed. R. Civ. P. 15(a)(2) states that leave to amend shall be freely given when justice so requires and "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint

before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

Defendant avers that any amendment would be futile. The Court does not agree. Even Defendant notes that the cases it relies upon where both decided on summary judgment and not viewed under the standard required by Fed. R. Civ. P 12(b). The Court finds the Magistrate Judge's analysis to be well reasoned and that the Title VII claims (Count I) against the Monroe County Commission, Monroe County Public Library Board of Trustees, and the Monroe County Public Library will be dismissed without prejudice with leave to amend.

Finally, the Court notes that certain Defendants made a request for attorneys' fees pursuant to 42 U.S.C. § 1988. *See* Doc. 16 at 3; Doc. 17 at 18-19. The Report and Recommendation does not address the request, nor do the Defendants address the matter in any objections to the Report and Recommendation. Further, the original request is without sufficient detail to make a determination at this time. As such, the request is denied with leave to refile in a separate motion with specific briefing on the subject if appropriate.

### III.   CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised and a *de novo* determination of those portions of the recommendation to which objection is made, it is **ORDERED** as follows:

(1) The Objections (Docs. 36, 38) are **OVERRULED**;

(2) The Report and Recommendation (Doc. 35) is **ADOPTED**;

(3) The Motions to Dismiss (Docs. 16, 21, 25) are **GRANTED in part** and **DENIED in part**;

(4) The Motions to Dismiss are **GRANTED** as to the following claims which are **DISMISSED with prejudice**:

    a. Counts II through V of Plaintiff's Amended Complaint in their entirety;

    b. Count VI of Plaintiff's Amended Complaint (as presently pled);

    c. Count I as to the Title VII claims against the individual defendants in both their individual and official capacities.

(5) The Motions to Dismiss are **GRANTED** as to the dismissal of the remaining claims, but **DENIED** as to the request that the dismissal be with prejudice. Rather, the Court finds that **DISMISSAL without prejudice with leave to amend** is more appropriate. This specifically applies to Count I - Title VII claims against the Monroe County Commission, the Monroe County Public Library Board of Trustees, and the Monroe County Public Library.

(6) Plaintiff shall have **thirty (30) days** from the date of this order to file an amended complaint **in accordance with this order**. This may also include any timely defamation claims against Defendant James Steven Stacey (as discussed in detail in the Report and Recommendation at p. 23 n. 15.) as raised in Plaintiff's response to the motion to dismiss.

(7) Otherwise, final judgment pursuant to Fed. R. Civ. P. 58 shall issue at that time.

(8) This case is **REFERRED BACK** to the Magistrate Judge for any additional proceedings if necessary.

**DONE** and **ORDERED** this 4th day of February 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE