IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA TAITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:19-cv-212-TFM-MU |
| ) | |
| MONROE COUNTY PUBLIC LIBRARY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On June 19, 2020, the Magistrate Judge entered a report and recommendation ("R&R") which recommends Defendants' motions to dismiss (Docs. 46, 51) and/or motion for summary judgment (Doc. 53) be granted. It also recommends Plaintiff's motion to strike (Doc. 64) be denied and Defendants' motion to strike (Doc. 68) be granted. Plaintiff timely objected. *See* Doc. 75.

The Court has reviewed the report and recommendation, the motions, responses, replies, objections, and conducted a de novo review of the case file. For the reasons discussed below, the objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** as discussed below.

**I.    OBJECTIONS GENERALLY TO MAGISTRATE JUDGE**

In her objections, Plaintiff spends a significant amount of time on the fact she did not consent to a magistrate judge, was not given paperwork to consent, and objects generally to the Magistrate Judge's issuance of a R&R. *See* Doc. 75 at 1-2, 6-7. These objects lack merit because this case was referred to the Magistrate Judge by the undersigned pursuant to 28 U.S.C. § 636(b)(1). *See* Doc. 7; *see also* S.D. Ala. GenLR 72(a) (Authorized Duties of the Magistrate Judge). The statute states:

> (b)(1) Notwithstanding any provision of law to the contrary—
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial [1] relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
>> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

In the situation at hand, the Magistrate Judge properly issued a Report and Recommendation on the pending dispositive motions and the Plaintiff was provided with the opportunity to file objections. Plaintiff's repeated citation to 28 U.S.C. § 636(c) is inapplicable. As such, the objection to the Magistrate Judge generally is without merit and is overruled.

## II.     MOTIONS TO STRIKE

As a preliminary matter, motions to strike are generally disfavored as time wasters that distract the Court from the merits of a party's claim. Next, a motion to strike is not an appropriate

vehicle for a general attack on an opposing parties affidavits and evidence. Rule 12(f) of the Federal Rules of Civil Procedure only applies to pleadings. It states "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f); see also 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 2013) ("Only material included in a 'pleading' may be the subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, motions to strike on summary judgment have not been appropriate since December 2010. Instead, the 2010 revised Rule 56 provides that "[a] party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible for evidence." FED. R. CIV. P. 56(c)(2). The advisory committee notes further specify that

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

FED. R. CIV. P. 56, Adv. Comm. Notes, "Subdivision(c)" (2010 Amendments) (emphasis added). The Court thus construes the parties' motions to strike as objections and will address each in turn.

With regard to Plaintiff's objection (Doc. 64), the Magistrate Judge recommends the objection be overruled stating that Powell declaration is submitted under penalty of perjury and only states matters within the personal knowledge of the affiant. In her objections to the R&R, Plaintiff repeats her assertion that it "did not have a name and was signed under the pains and penalty of perjury." Doc. 75 at 2. The Court agrees with the Magistrate Judge's analysis and finds

the declaration is admissible.  Therefore the objections (both in the original motion to strike and in the objections to the R&R) are overruled.

With regard to Defendant's objection to the declaration of Mary A. Harris (Doc. 68), the Magistrate Judge recommends the objection be sustained and striking the portion indicating Harris' belief that the Monroe County Public Library and the Monroe County Public Library Board of Trustees were an Agency of the Monroe County Commission which together have more than 15 employees.  Plaintiff objects to this portion of the R&R.  Doc. 75 at 2, 5.  She argues that it is semantics that Harris used the word belief.  However, the Magistrate Judge's analysis is correct. "[A]n affidavit stating only that the affiant 'believes' a certain fact exists is insufficient to defeat summary judgment by creating a genuine issue of fact about the existence of that certain fact." *Pace v. Capobianco*, 283 F.3d 1275, 1279 (11th Cir. 2002) (citations omitted); *see also* Givham v. Electronic Engineers, Inc., 4 F.Supp.2d 1331, 1334 (M.D. Ala. 1998) ("Because affidavits must be based on personal knowledge, an affidavit based on nothing more than 'information and belief' is not sufficient as a matter of law."); *Gunn v. Target Corp.*, Civ. Act. No. 5:03-cv-357-VEH, 2006 U.S. Dist. LEXIS 103276, *3, 2006 WL 8436916, *1 (N.D. Ala. Jan. 26, 2006) ("A party's mere 'belief' and/or speculation is not based on personal knowledge and is not competent summary judgment evidence.").  Consequently, Plaintiff's objections are overruled paragraph 2 of Mary Harris' declaration is stricken.

### III.   DISPOSITIVE MOTIONS AND OBJECTIONS

The Court turns to the balance of the R&R, the motions, and Plaintiff's objections.  As noted by the Magistrate Judge, there are three separate dispositive motions.

Defendant Monroe County Commission ("the MCC") files a motion pursuant to Fed. R. Civ. P. 12 arguing Plaintiff failed to fulfil the necessary administrative prerequisites for bringing

suit against the Commission. *See* Docs. 46-47. Specifically, the MCC argues that though Plaintiff filed an EEOC complaint, the only named respondent was the Monroe County Library Board of Trustees and therefore is not sufficient to bring suit against the MCC as Plaintiff would be required to obtain a right-to-sue letter from the U.S. Attorney General. Doc. 47 at 4-5. Further, the MCC was not Plaintiff's employer as defined under Title VII because "mere power of appointment is not sufficient to establish the type of operational control necessary to aggregate public entities." *Id*. at 8. Defendant Monroe County Public Library ("the Library") also files a motion to dismiss for failure to exhaust her remedies which bars her Title VII claims. Docs. 51-52. The Library merely adopts the MCC's motion and analysis as its own and provides no substantive discussion of its own. Also pending is the motion for summary judgment filed by Defendant Monroe County Public Library Board of Trustees ("the Board") on the basis that the Board lacks the requisite number of employees required by Title VII. Docs. 53-54.

The Magistrate Judge provides a thorough analysis of the matters addressed in the three motions. Even liberally construing Plaintiff's objections, the Court finds no fault with the R&R and therefore, her objections are overruled. Therefore, the motions to dismiss (Docs. 46, 51) and the motion for summary judgment (Doc. 53) are granted for the reasons discussed in the R&R.

### IV.  CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised and a *de novo* determination to those portions of the recommendation to which objections are made, it is **ORDERED** as follows:

(1) The Objections (Doc. 75) are **OVERRULED**;

(2) The Report and Recommendation (Doc. 74) is **ADOPTED**;

(3) The Motions to Strike (Docs. 64, 68) are construed as objections. Plaintiff's objection (Doc. 64) is **OVERRULED** and Defendant's objection (Doc. 68) is **SUSTAINED**;

(4) The Motions to Dismiss (Docs. 46, 51) and Motion for Summary Judgment (Doc. 53) are **GRANTED** and Plaintiff's claims against Defendants are **DISMISSED with prejudice**.

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this 28th day of October, 2020.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE